J-S57041-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :   IN THE SUPERIOR COURT OF
                                               :         PENNSYLVANIA
             Appellee          :

                   :
               v.            :
                   :

MICHAEL PAUL PRINGLE,        :
                   :

            Appellant       :       No. 297 WDA 2016

Appeal from the PCRA Order January 20, 2016
in the Court of Common Pleas of Forest County
Criminal Division at No(s):  CP-27-CR-0000073-1997
CP-27-CR-0000078-1997

BEFORE:    FORD ELLIOTT, P.J.E., SHOGAN, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:   **FILED AUGUST 29, 2016**

Michael Paul Pringle (Appellant) appeals from the order which dismissed his serial petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

In 1998, after pleading guilty to third-degree murder and robbery, Appellant was sentenced to an aggregate term of 30 to 60 years of imprisonment.  This Court denied Appellant relief on direct appeal, and his judgment of sentence became final in 2000 after our Supreme Court denied his petition for allowance of appeal.  *Commonwealth v. Pringle*, 757 A.2d 996 (Pa. Super. 2000) (unpublished memorandum), *appeal denied*, 760 A.2d 853 (Pa. 2000).  Appellant subsequently filed various PCRA petitions which resulted in no relief.

---

*Retired Senior Judge assigned to the Superior Court.

Appellant filed the petition that is the subject of the instant appeal on December 17, 2015. Therein, he claimed that he is entitled to relief in the form of resentencing because his sentence is illegal under **Alleyne v. United States**, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) (holding that a fact which triggers the imposition of a mandatory minimum sentence is an element of the crime and must, therefore, be determined beyond a reasonable doubt by a jury), and **Commonwealth v. Hopkins**, 117 A.3d 247 (Pa. 2015) (applying **Alleyne** to hold that the mandatory minimum sentence found at 18 Pa.C.S. § 6317 (relating to drug activity in a school zone) is unconstitutional). PCRA Petition, 12/17/2015, at ¶¶ 3, 5-7.

The PCRA court issued notice of its intent to dismiss the petition without a hearing, to which Appellant filed a response in opposition. By order dated January 20, 2016, the PCRA court dismissed Appellant's petition. This timely-filed appeal followed.

On appeal, Appellant claims, *inter alia*, that the PCRA court erred in not applying the **Alleyne** decision retroactively. Appellant's Brief at 15. However, before we may address Appellant's substantive arguments, we must determine whether his PCRA petition was filed timely.

The timeliness of a post-conviction petition is jurisdictional. ***See***, *e.g.*, **Commonwealth v. Lewis**, 63 A.3d 1274, 1280-81 (Pa. Super. 2013) (quoting **Commonwealth v. Chester**, 895 A.2d 520, 522 (Pa. 2006)) ("[I]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has

jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.").

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met, and that the claim was raised within 60 days of the date on which it became available. 42 Pa.C.S. § 9545(b)(1)-(2).

It is clear that Appellant's 2015 petition is facially untimely: his judgment of sentence became final in 2000. However, Appellant alleged that his petition satisfied the following timeliness exception: "'the facts upon which the claim is predicated were unknown to the Petitioner and could not be ascertained by the exercise of due diligence.'" PCRA Petition, 12/17/2015, at 1 (pages unnumbered) (quoting 42 Pa.C.S. § 9545(b)(1)(ii)).

"Our Courts have expressly rejected the notion that judicial decisions can be considered newly-discovered facts which would invoke the protections afforded by section 9545(b)(1)(ii)." **Commonwealth v. Cintora**, 69 A.3d 759, 763 (Pa. Super. 2013) (citing **Commonwealth v. Watts**, 23 A.3d 980, 986 (Pa. 2011)).

Nor does Appellant's reliance upon **Hopkins** satisfy the newly-recognized-constitutional-right timeliness exception found at 42 Pa.C.S.

§ 9545(b)(1)(iii), as the **Hopkins** Court did not recognize a new constitutional right, let alone hold that any such right applied retroactively; rather, it merely applied **Alleyne** to hold that a particular mandatory minimum sentence not applied to Appellant was unconstitutional. Indeed, our Supreme Court has held, in a case involving the statute pursuant to which Appellant was sentenced,[1] that **Alleyne** itself does not apply retroactively to cases on collateral review. **Commonwealth v. Washington**, -- A.3d --, 2016 WL 3909088 (Pa. July 19, 2016).

Based on the foregoing, Appellant has failed to establish a timeliness exception to the PCRA's limitations. Thus, the PCRA court properly dismissed the petition for lack of jurisdiction.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/29/2016

---

[1] 42 Pa.C.S. § 9712 (pertaining to mandatory minimum sentencing provisions associated with the commission of certain crimes with a firearm).